CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Lynchburg
JUL 01 2009
JOHN F. CORCORAN, CLERK
BY: S. Taylor
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| SCHWARZ & SCHWARZ OF VIRGINIA, L.L.C., | ) ) ) | |
| and | ) ) | |
| SCHWARZ & SCHWARZ, L.L.C. | ) ) | Civil Action No. 6:07cv042 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON WHO SUBSCRIBED TO POLICY NUMBER NC959 | ) ) ) ) ) | |
| Defendant. | ) By: ) | The Hon. Michael F. Urbanski United States Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Certain Underwriters at Lloyd's, London ("Underwriters"), who subscribed to Policy Number NC959, Motion to Compel Completion of Deposition of Bryan Sean Pillow (Dkt. # 45) and on Underwriters' oral motion to compel the production of Frank Staley's notes taken during his attendance at depositions in this case as a corporate representative.

I.

This case involves a November 11, 2005 fire that occurred at an industrial building owned by plaintiff Schwarz & Schwarz of Virginia, L.L.C. ("Schwarz") located in Altavista, Virginia. Underwriters insured the premises and denied coverage, prompting this lawsuit. A

significant issue in the case is the operation of the sprinkler system on the premises at the time of the fire. Bryan Sean Pillow is a Schwarz employee who served as property manager of the property in question. As property manager, Pillow was required to check on the condition of the sprinkler system. Thus, Pillow is a significant fact witness in this case. Pillow was deposed on April 2, 2009 for roughly nine hours, but his deposition was not completed.

Underwriters asserts that additional time is needed to question Pillow concerning his actions during the weeks preceding the fire and during the fire. Underwriters explains that the industrial site and sprinkler system are unusually complex, requiring its counsel to spend an inordinate amount of time on the record at the deposition getting Pillow's explanation of its operation. To demonstrate this complexity, Underwriters submitted an intricate schematic diagram of the premises and sprinkler system.

Schwarz asserts that the motion to compel should be denied because such a deposition would be unreasonably cumulative and because Underwriters has had ample opportunity to obtain information from Pillow during his deposition and two prior examinations, a recorded statement on December 7, 2005 and an examination under oath on March 14, 2006. See Fed. R. Civ. P. 26(b)(2)(C) (requiring that "on motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . or (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action").

After briefing and argument and upon review of the prior testimony and the intricate schematic drawing, the court finds that under the particular facts of this case that a brief extension of the deposition should be allowed. Given the complexity of the sprinkler system, the

2

court credits defendant's assertion that it needs more time to question Pillow regarding his actions concerning the sprinkler system in the weeks leading up to and during the fire. Counsel represented that Pillow was the only fact witness with such knowledge. Counsel for Underwriters explained that the layout and operation of the sprinkler system were complicated and required the expenditure of a great deal of time at the deposition. Based on the complexity of the property and the sprinkler system, the amount at controversy in this case, and the importance of this witness, the court believes that an additional brief extension of the deposition is appropriate. It is worth noting in this regard that Schwarz provided no suggestion of prejudice from this brief extension of the deposition beyond the cost and burden of the deposition, which the court is going to provide for in this Order.

While the request for a brief extension is granted, it is subject to several conditions. First, the deposition is limited in substance to new material not covered in the prior deposition regarding Pillow's involvement with the sprinkler system in the weeks leading up to the fire and at the time of the fire. Second, to forestall any delay regarding any future deposition dispute, the deposition shall be taken in Roanoke to allow the court to attend as needed. Third, Underwriters shall pay for the cost of the deposition, including Pillow's reasonable travel expenses and compensation for time missed from work, as well as Schwarz's counsel's fees to defend the deposition. Fourth, the deposition is limited to two additional hours.[1]

---

[1] At the end of the prior deposition, Underwriters' counsel estimated that she needed one additional hour to ensure completion of the deposition. Because such estimates are notoriously understated, the court is allowing two additional hours.

3

## II.

After argument on Underwriters' motion to compel completion of Pillow's deposition, Underwriters orally moved to compel the production of Frank Staley's notes taken during his attendance of depositions in this case. Staley served as Schwarz's corporate representative at the depositions in this case. Underwriters asserts that it is entitled to this information because Staley took notes ostensibly in preparation for his own deposition, and did not share them with Schwarz's counsel. Schwarz contends that Staley's notes are subject to protection under the work-product doctrine and are not discoverable as they were prepared during and for the purposes of this litigation.

After hearing argument of counsel, it is plain that Staley's notes are subject to protection under the work-product doctrine. See Fed. R. Civ. P. 26(b)(3) (protecting from disclosure materials prepared in anticipation of litigation or for trial either by a party or by a party's representative). Although Underwriters asserts that Staley's notes were not shared with counsel, counsel for Schwarz represented that they were taken at his direction. As the notes were created during the litigation process by a party representative, they are plainly subject to work product protection. The fact that Staley did not share them with counsel is not controlling. See Peter Rinaldi's Fast Foods, Inc. v. Great American Ins. Cos., 123 F.R.D. 198, 202 (M.D.N.C. 1988) (holding that the "[i]nvolvement of an attorney is a highly relevant but not necessarily controlling factor"). Underwriters made no showing of substantial need, indeed, it deposed Staley. As such, the notes are not subject to discovery.

Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion to Compel Completion of Deposition of Bryan Sean Pillow is **GRANTED**. Underwriters may depose Pillow for no more than two additional hours. The deposition is to take place in Roanoke, Virginia, and counsel for Underwriters is limited to asking new questions regarding Pillow's involvement with sprinkler system in the weeks preceding the fire and during the fire. Additionally, the defendant is required to pay Pillow's costs associated with his deposition, including reasonable travel costs and compensation for time missed from work. The defendant must also pay Schwarz's attorney's fees associated with attending the two-hour deposition.

2. Defendant's oral motion to compel the production of Frank Staley's notes is **DENIED**. His notes, taken as party representative at depositions, plainly were prepared in anticipation of litigation and are subject to protection under the work-product doctrine. Underwriters has deposed Staley and otherwise made no showing of substantial need.

The Clerk of the Court hereby is directed to send a certified copy of this Order to all counsel of record.

Enter this /s/ 1 day of July, 2009.

Michael F. Urbanski
United States Magistrate Judge