CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUN 2 5 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SCHWARZ & SCHWARZ OF VIRGINIA, L.L.C., <br><br>and<br><br>SCHWARZ & SCHWARZ, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, WHO SUBSCRIBED TO POLICY NUMBER NC959,<br><br>Defendant. | Civil Action No. 6:07cv00042<br><br><br><br>By:  Michael F. Urbanski<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION

This matter is before the court for Report and Recommendation on the motion of defendant, Certain Underwriters at Lloyd's, London, Who Subscribed to Policy Number NC959 ("Lloyd's"), to enforce and convert to judgment the court's February 8, 2010 Order awarding certain costs against plaintiffs, Schwarz & Schwarz of Virginia and Schwarz & Schwarz, L.L.C. ("Schwarz"), and for sanctions (Docket # 128). For the reasons stated below, the undersigned **RECOMMENDS** that defendant's motion be **DENIED**.

I.

Schwarz filed the instant action on October 19, 2007, seeking to recover insurance proceeds under a policy issued by Lloyd's. The court granted summary judgment in favor of Lloyd's on December 29, 2009. Lloyd's filed a Bill of Costs totaling $13,814.85 with supporting documentation on January 8, 2010, and on January 11, 2010, the Clerk taxed costs

against Schwarz in full. Schwarz then filed a motion to retax costs, and by Order dated February 8, 2010, the court granted the motion in part and reduced the award of costs to $11,026.36. Schwarz failed to pay these costs in the following months, and Lloyd's has filed the present motion in an attempt to collect the amount owed.

Lloyd's asserts that judgment should be entered pursuant to Federal Rule of Civil Procedure 58(b) in the amount of $11,026.36 and that the court should enforce the judgment by compelling Schwarz to pay Lloyd's within ten (10) days. Schwarz argues that the court's February 8, 2010 Order is in itself a judgment that must be enforced by writ of execution according to the appropriate Virginia collection procedures, pursuant to Rule 69(a)(1).

## II.

"Rule 58 is intended to resolve 'the old, old question of when is a judgment a judgment.'" 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2781 (2d ed. 1995). The rule is designed to clarify when the time to appeal or file post-trial motions begins to run. See Hughes v. Halifax Co. Sch. Bd., 823 F.2d 832, 834 (4th Cir. 1987). Because the entry of judgment is of such great consequence in litigation, it is important to know "precisely what the judgment is and when it was entered." Wright, Miller & Kane, supra, at § 2781.

A "judgment" is defined in the context of the Federal Rules of Civil Procedure as any decree or order from which an appeal lies. Fed. R. Civ. P. 54(a). Rule 58(a) requires that every judgment be set out in a separate document. Fed. R. Civ. P. 58(a). According to the Supreme Court, this requirement "must be 'mechanically applied,' without regard to the equities of the case." Hughes, 823 F.2d at 835 (citing United States v. Indrelunas, 411 U.S. 216, 221-22 (1973)). The form and content of the document determine whether it is considered a judgment

for purposes of Rule 58. Id. at 835. "Brevity is an important factor: an order unaccompanied by a long explanation is likely to be considered a 'judgment.' . . . By contrast, a document which attempts to combine the court's reasoning and its final disposition is not likely to be considered a 'separate document' under Rule 58." Id. at 835 (internal citations omitted); see Fed. R. Civ. P. 54(a) ("A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings."); see also Mullane v. Chambers, 333 F.3d 322, 336 (1st Cir. 2003) ("In general, the judgment should be self-sufficient, complete, and describe the parties and the relief to which the party is entitled.").

Rule 58(b) directs the clerk to promptly prepare, sign and enter judgment when the court awards only costs or a sum certain, unless the court orders otherwise. Fed. R. Civ. P. 58(b)(1)(B). Generally, a judgment is considered to have been entered when it is set forth on a separate document and the clerk performs the ministerial act of entering the judgment on the civil docket pursuant to Rule 79(a). See 12 James W. Moore et al., Moore's Federal Practice § 58.03[1] (Matthew Bender 3d ed. 2007); Wright, Miller & Kane, supra, at § 2781; see also Fed. R. Civ. P. 58(c). Rules 58 and 79 "go hand in hand: Rule 58 tells the parties what types of documents constitute judgment, and Rule 79(a) tells the parties how the clerk must enter those documents on the civil docket. Only when both rules are satisfied is there an 'entry of judgment.'" Radio Television Espanola S.A. v. New World Entertainment, Ltd., 183 F.3d 922, 930 (9th Cir. 1999).

### III.

In this case, there does not appear to be any dispute that judgment on the merits was entered in favor of Lloyd's by Order dated December 29, 2009. Rather, the issue brought to light

3

by the instant motion is whether a separate judgment must be entered by the Clerk pursuant to Rule 58(b) on the post-judgment costs awarded by the court.

The prevailing party in an action automatically is entitled to costs unless otherwise provided. Fed. R. Civ. P. 54(d). The district court retains jurisdiction to hear post-judgment motions for costs. <u>Power-One, Inc. v. Artesyn Tech., Inc.</u>, No. 2:05cv463, 2008 WL 4065871, at *2 (E.D. Tex. Aug. 27, 2008) (citing <u>Buchanan v. Stanships, Inc.</u>, 485 U.S. 265, 268 (1988)). However, Rule 54 contemplates that applications for costs will first be presented to the clerk, who may "tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1); <u>accord</u> <u>Buchanan</u>, 485 U.S. at 268. The court may review the clerk's action on motion served within the next seven days. Fed. R. Civ. P. 54(d)(1); <u>see</u> <u>Cofield v. Crumpler</u>, 179 F.R.D. 510, 514 (E.D. Va. 1998) (court reviews <u>de novo</u> the clerk's taxation of costs).

The issue of costs is wholly collateral to the judgment on the underlying cause of action. <u>Buchanan</u>, 485 U.S. at 268-69; <u>see also</u> Fed. R. Civ. P. 58(e) ("[T]he entry of judgment may not be delayed . . . in order to tax costs or award fees."); 10 James W. Moore et al., <u>Moore's Federal Practice</u> § 54.100[a] (Matthew Bender 3d ed. 2007) ("Because the appeal on the merits may proceed independently of the costs motion, it follows that when the costs motion is decided, the judgment awarding costs is appealable independent of the judgment on the merits."). A motion for costs requires a separate inquiry from the decision on the merits, "'an inquiry that cannot even commence until one party has prevailed.'" <u>Buchanan</u>, 485 U.S. 265 at 267 (quoting <u>White v. N.H. Dep't of Employment Sec.</u>, 455 U.S. 445, 451-52 (1982)). A post-judgment motion for costs under Rule 54(d) "'does not imply a change in the judgment, but merely seeks what is due *because of* the judgment.'" <u>Buchanan</u>, 485 U.S. at 268 (emphasis in original) (quoting <u>White</u>, 455 U.S. at 452).

4

At least one district court in the Fourth Circuit has held that a separate judgment is required for a post-judgment award of costs.[1] In Teague v. Bakker, 213 F. Supp. 2d 571, 578 (W.D.N.C. 2002), counsel for the class action claimants sought an award of post-judgment interest pursuant to 28 U.S.C. § 1961. Counsel argued that the court's previous order awarding costs of over $2.7 million to class counsel qualified as a final judgment on which interest was allowed. Id. at 578; see 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). The district court disagreed, stating "Judge McMillan's ten page Memorandum Opinion and Order contains his legal reasoning and factual findings; and, as such, it does not qualify as a separate judgment of costs." Id. at 578. The court held:

> "[B]ecause motions for [costs] are separate from and collateral to any decision on the merits, they should be accorded the same dignity under Rule 58 as judgments on the merits. Just as a judgment on the merits must always be accompanied by a separate document, so should a district court's order denying or granting a motion for [costs]."

Id. at 578-79 (alteration in original) (quoting Stichting Mayflower Recreational Fonds v. Newpark Resources, Inc., 9 F. App'x 932, 934 (10th Cir. 2001) (discussing motions for attorney's fees)). Because the Memorandum Opinion and Order awarding costs contained the court's reasoning and legal analysis, the Teague court found it did not qualify as a judgment. Id. at 579. Nor was it accompanied by a separate document constituting a Rule 58 judgment. Id. at 579. Therefore, counsel was not entitled to post-judgment interest under § 1961. Id. at 579.

Contrary to the situation in Teague, the court's February 8, 2010 Order awarding costs

---

[1] Likewise, the Fourth Circuit has held that an award of attorney's fees requires entry of a separate judgment under Rule 58. See Marshak v. Branch, 980 F.2d 727, 1992 WL 360092 (4th Cir. Dec. 7, 1992) (unpublished table opinion).

qualifies as a Rule 58 judgment in this case. Lloyd's filed a Bill of Costs following entry of judgment in its favor, and the Clerk appropriately taxed costs against Schwarz in the amount of $13,814.85 pursuant to Rule 54(d)(1). See also 28 U.S.C. § 1920. On Schwarz's motion, and as permitted by Rule 54(d)(1), the district court reviewed the Clerk's action and reduced the costs taxed to $11,026.36 for reasons explained in a Memorandum Opinion dated February 8, 2010. In an Order entered the same day, the court awarded costs of $11,026.36 to Lloyd's.

"An order is considered a separate document for purposes of Rule 58 if it satisfies three requirements: 'first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims.'" United Auto. Workers Local 259 Social Sec. Dep't v. Metro Auto Center, 501 F.3d 283, 287 (3d Cir. 2007) (quoting In re: Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006)). The court's Order awarding costs is a self-contained document that has been docketed separately from the accompanying Memorandum Opinion. (See Docket #126 & 127.) The Order contains two short paragraphs: the first noting that Schwarz's motion to retax costs is before the court, and the second stating simply that the motion has been granted in part and denied in part, and that costs in the amount of $11,026.36 are awarded to Lloyd's. See United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 233 (1958) (noting in an action for money, failure to determine the amount to be awarded is strong evidence of the judge's lack of intent that the opinion be a final judgment pursuant to Rule 58). The Order does not provide the court's reasoning for the award of costs and refers only to "the reasons set forth in the accompanying Memorandum Opinion." (Docket #127.) Additionally, the Clerk entered this Order in a separate entry on the civil docket as required by Rule 79(a).

The February 8, 2010 Order is itself a judgment.[2] It is sufficiently terse to constitute a separate document under Rule 58, and it was entered by the Clerk on the civil docket pursuant to Rule 79(a). Indeed, it satisfies the definition of a judgment under Rule 54(a), which includes any order from which an appeal lies. An order regarding costs is appealable, although it is generally reviewed only for an abuse of discretion. 10 James W. Moore et al., Moore's Federal Practice § 54.100[4][a] (Matthew Bender 3d ed. 2007).

Rule 58(b) requires the clerk to promptly enter judgment when the court awards costs, *unless the court orders otherwise.* The court in this case entered judgment in favor of Lloyd's in the amount of $11,026.36 by Order dated February 8, 2010. Contrary to defendant's assertions, no further action by the Clerk under Rule 58(b) is required. Judgment has been entered.

## IV.

Lloyd's seeks enforcement of its award of costs. Money judgments are enforced by a writ of execution filed according to the procedures of the state in which the court is located. Fed. R. Civ. P. 69(a)(1). The court's February 8, 2010 Order constitutes a money judgment. See Wheeler v. John Deere Co., 986 F.2d 413, 415 (10th Cir. 1993) ("An award of costs, which partially reimburses the prevailing party for the out-of-pocket expenses of litigation, is obviously 'any money judgment.'"). Therefore, Lloyd's should utilize the appropriate Virginia collection procedures to enforce its award of costs. See Duggan's Funeral Service, Inc. v. Duggan's Serra Mortuary, Inc., 176 F.3d 482, 1999 WL 274567 (9th Cir. May 3, 1999) (unpublished table

---

[2] Even if an argument could be made that this Order did not qualify as a judgment, it is likely that Rule 58's separate document requirement was waived in this case. The Fourth Circuit has recognized that, in limited situations, such a waiver can occur if: 1) the district court clearly intended that the order it issued represented the final judgment; 2) the judgment was recorded in the clerk's docket; and 3) the parties viewed the Order as a final judgment, i.e., by proceeding with a timely appeal. Hughes, 823 F.2d at 835-36 (citing Bankers Trust Co. v. Mallis, 435 U.S. 381, 387-88 (1978)). Given Schwarz's representations that "Lloyd's at all times believed that the February 8, 2010 Order was a Judgment" and acted accordingly, these three factors arguably have been met. (See Pl.'s Opp. to Def.'s Mot. to Enforce Judgment ¶¶ 6, 8.)

opinion) (finding that a district court's award of costs is a judgment subject to enforcement by writ of execution under Rule 69).

Accordingly, it is **RECOMMENDED** that Defendants' Motion to Enforce and Convert to Judgment the Court's February 8, 2010, Order and for Sanctions (Docket #128) be **DENIED**.

V.

The Clerk is directed to transmit the record in this case to Hon. Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 637(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is also directed to send a copy of this Report and Recommendation to all counsel of record.

Entered: June 25, 2010.

/s/ Michael F. Urbanski

Michael F. Urbanski
United States Magistrate Judge